UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AGUILAR HAMPTON,

                          Petitioner,                    Case Number 1:11-CV-13135
                                                               Honorable Thomas L. Ludington

v.

DEBRA SCUTT,

                          Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND
DENYING CERTIFICATE OF APPEALABILITY**

       Petitioner Aguilar Hampton filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pled guilty in the Berrien Circuit Court to one count of assault with intent to do great bodily harm. He was sentenced as a habitual offender to seventy-two months to twenty years' imprisonment. The petition claims that: (1) Petitioner's sentence was based on erroneously scored sentencing guidelines; (2) Petitioner received ineffective assistance of counsel in the trial court; and (3) Petitioner is entitled to jail credit. Petitioner's claims are meritless, and his petition will be denied.

**I**

       At Petitioner's preliminary examination, Thaddeus Hockett testified that he was working at Smoky's Bar in Benton Harbor, Michigan on August 16, 2008. After he closed the bar at 2:00 a.m., he and a few others walked to a nearby gas station to purchase food and soda. Outside the gas station he exchanged angry words with Petitioner. Petitioner was dating a woman Hockett had previously dated. Hockett went into the station to purchase soda, and when he came back outside he talked with friends. Petitioner then confronted Hockett again and was holding

-1-

something in his hand behind his back.   Hockett heard a click and realized that it was a handgun.  As Hockett turned to run he heard a gunshot and heard a bullet fly past his head.   He continued running and heard another shot, and a bullet ricocheted near him.   Later he returned to the gas station where police officers had gathered, and he identified himself as the man Petitioner was trying to shoot.

James Watson also testified at the exam, and he corroborated Hockett's account of the shooting.   He testified that there were about twenty-five people gathered in the area when the shooting occurred.   He saw Petitioner holding a black handgun behind his back when he confronted Hockett the second time.   He saw Petitioner shoot at Hockett from a distance of about three or four feet, and stated "how he missed him, I don't know."   Watson ran after the first shot.  He turned to look back when he reached the corner of the gas station lot, and he saw Petitioner take another shot in his direction.   Watson thought about four shots were fired in total.

Based on this evidence, Petitioner was bound-over for trial on two counts of assault with intent to commit murder, felon in possession with a firearm, and commission of a felony with a firearm.

On December 2, 2008, Petitioner accepted a plea bargain.   Petitioner agreed to plead no contest to one count of assault with intent to commit great bodily harm, and the prosecution agreed to dismiss the other charges.   There was no sentence agreement, but the trial court informed Petitioner that the maximum sentence he would receive given Petitioner's status as a habitual felony offender would be twenty years' imprisonment.   Petitioner acknowledged his understanding of this consequence of the plea.   The trial court informed Petitioner of the trial rights he was waiving by pleading no contest, and Petitioner acknowledged his understanding.  Petitioner affirmed that he was entering his plea of his own free will and denied that it was the

result of any promises not placed on the record or by any tricks or threats. The trial court accepted the plea and found that it was made knowingly, freely, and voluntarily, and also that it was offered without duress, compulsion, undue influence, or the promise of benefit or leniency. Plea Tr. 11.

On January 5, 2009, Petitioner was sentenced to six-to-twenty years in prison. Petitioner requested and was appointed appellate counsel. Appellate counsel filed a motion to correct Petitioner's sentence, arguing that two of the sentencing guideline offense variables, one dealing with the number of victims and the other dealing with contemporaneous felonious acts, were scored incorrectly. The trial court issued an order lowering the scoring of one of the variables, but it did not lower Petitioner's sentence.

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals. The application raised the same claims presented in this habeas petition. The Court of Appeals denied the application for "lack of merit in the grounds presented." *People v. Hampton*, No. 299368 (Mich. Ct. App. Sept. 3, 2010).

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court which raised the same claims. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Hampton*, 791 N.W.2d 462 (Mich. 2010) (unpublished table decision).

Petitioner's application for habeas relief raises the following claims:

I. Petitioner's sentence was invalid because it was based on inaccurate information, i.e., improper scoring of the legislatively imposed sentencing guidelines, use of an incorrect burden of proof, and insufficient facts; therefore, his due process rights were violated.

II. Correctly scoring the guidelines would require resentencing.

III. Petitioner received ineffective assistance of trial counsel.

IV. Petitioner should receive 143 days of jail credit for time spent in jail between his arrest and sentencing as this is required by MCL 769.11(b), as well as the double jeopardy right not to be subjected to more punishment than the legislature intended. In addition, the lack of such credit improperly penalizes Petitioner for exercising his constitutional rights.

## II

AEDPA, which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state-court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (1)–(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, "the state court's [application of federal law] must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520–21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409, (2000) (internal quotes omitted)).

Additionally, this Court must presume that the state court's factual determinations are correct. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous") (citation omitted).

The Supreme Court has explained the proper application of the "contrary to" clause as

follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases . . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405–06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Williams*, 529 U.S. at 409. The Court has explained that an unreasonable application of federal law is different from an incorrect application of federal law. Under that language, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

The Supreme Court has continued to emphasize the limited nature of this review. In its recent unanimous decision in *Harrington v. Richter*, 131 S. Ct. 770 (2011), the Supreme Court reiterated that the AEDPA requires federal habeas courts to review state-court decisions with "deference and latitude," and "[a] state court's determination that a claim lacks merit precludes habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 785–86 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III

### A

Petitioner's first and second claims assert that his sentence was based on inaccurate

information because the sentencing guidelines were scored incorrectly. Specifically, Petitioner asserts that Offense Variable 9, which concerns the number of victims, was scored to reflect between two and nine victims, but he pled guilty to a charge that involved only one victim. He also asserts that Offense Variable 12, which affects contemporaneous felonious acts, was scored incorrectly because he only pled guilty to one assault offense. Petitioner also argues that the sentencing judge relied on facts that he did not admit and were not found by a jury in violation of *Blakely v. Washington*, 542 U.S. 296 (2004).

Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Petitioner's claim that the court improperly scored the guidelines raises issues of state law that are not cognizable on habeas review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (claim that sentencing court departed from Michigan sentencing guidelines presents an issue of state law only and is, thus, not cognizable in federal habeas review); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999). Accordingly, Petitioner's claims with respect to the trial court's scoring of Offense Variables 9 and 13 under state law do not present an issue cognizable by this Court.

Petitioner also asserts that he is entitled to habeas relief because the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to score the guidelines which had not been proven to a jury beyond a reasonable doubt or admitted to by Petitioner. Petitioner believes that *Blakely* and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), support his position. However, his claim that Michigan's sentencing guideline system violates the Sixth Amendment, where judge-found facts are used to establish the minimum sentence of an indeterminate sentence,

-6-

has been foreclosed by the Sixth Circuit's decision in *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) ("[The petitioner] argues that the Michigan trial judge violated *Apprendi* by finding facts that raised his minimum sentence. But *Harris v. United States* explains that *Apprendi's* rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum."); *see also Montes v. Trombley*, 599 F.3d 490, 495 (6th Cir. 2010) (holding that the *Blakely-Apprendi* rule does not apply to laws that set the maximum sentence by statute but that permit a judge to determine the minimum sentence through judicial factfinding, and does not preclude a judge from utilizing the preponderance-of-the-evidence standard when finding facts related to sentencing). Because Petitioner's sentence fell within the statutorily-authorized maximum penalty of twenty years' imprisonment, which was not enhanced by judicial factfinding, no Sixth Amendment violation occurred. Petitioner has not stated a claim upon which federal habeas relief may be granted on this issue.

Accordingly, Petitioner's first and second claims are without merit.

**B**

Petitioner's third claim asserts that his trial counsel was ineffective for failing to raise his guideline scoring claims at the time of sentencing.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner's counsel was ineffective. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel guaranteed by the Sixth Amendment. *Id*. at 687. Second, the petitioner must establish that counsel's deficient

performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial. *Id*.

With respect to the performance prong, a petitioner must identify acts that are "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. The Court's scrutiny of counsel's *performance* is viewed through a highly deferential lens. *Id*. at 689. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id*. at 690. And it is the petitioner who bears the burden of overcoming the presumption that counsel's actions constituted sound trial strategy. *Id*. at 689.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id*. "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id*. at 686.

Here, Petitioner is unable to show that he was prejudiced by counsel's failure to object to the scoring of the sentencing-guideline variables because Petitioner has not demonstrated that his sentence would have been any different if objections had been made. The trial court addressed and rejected each of Petitioner's objections to the guideline scoring in its order denying his motion to correct an invalid sentence. With respect to Petitioner's challenge to Offense Variable 9, the trial court discussed at length Petitioner's argument regarding the applicability of *People v.*

*McGraw*, 484 Mich. 120 (2009). It then noted that the testimony at the preliminary examination established that there were other people present at the scene of the shooting who were placed in danger of injury or loss of life by Petitioner's unrestricted discharge of a firearm. The Court concluded that the scoring was correct despite Petitioner's new objection. With respect to Offense Variable 12, the prosecutor conceded that the score should be lowered in light of the new objection. The trial court, however, noted that Petitioner's minimum sentence of 72 months still fell within the corrected guideline range that called for a minimum sentence between 29 and 85 months. The court concluded that Petitioner was therefore not entitled to resentencing. Moreover, the Michigan Court of Appeals denied Petitioner's subsequent application for leave to appeal "for lack of merit in the grounds presented."

In light of these decisions, it is apparent that any objection to the scoring of the sentencing guidelines would have been rejected, and counsel was not ineffective for failing to do so. *See Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000). Petitioner's third claim is therefore without merit.

**C**

Petitioner's final claim asserts that he was denied jail credit in violation of due process, equal protection, and the Double Jeopardy Clause. Specifically, he argues that he is entitled to 143 days of credit for the time he spent in jail between his arrest and sentencing. Petitioner states that he did not receive credit on either his parole sentence or his current sentence for this period of time he spent in jail.

A state prisoner has no right under the federal constitution to earn or receive sentencing credits. *See Moore v. Hofbauer*, 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001) (citing *Hansard v.*

*Barrett*, 980 F. 2d 1059, 1062 (6th Cir.1992)). Because Petitioner's claim challenges the interpretation and application of state crediting statutes, the claim is not cognizable on federal habeas review. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *see also Grays v. Lafler*, 618 F. Supp. 2d 736, 747 (W.D. Mich. 2008). Accordingly, Petitioner's fourth claim does not state a cognizable claim.

## IV

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336–37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner has not demonstrated a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court will also deny Petitioner permission to proceed on appeal *in forma pauperis*. *See Foster v. Ludwick*, 208 F.

-10-

Supp. 2d 750, 764 (E.D. Mich. 2002); 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**V**

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus, ECF No. 1, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that Petitioner may not proceed *in forma pauperis* on appeal.

Dated: July 23, 2013                                       s/Thomas L. Ludington
                                                           THOMAS L. LUDINGTON
                                                           United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Aguilar Hampton #251626 at G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201 by first class U.S. mail on July 23, 2013.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS